# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| HEARTLAND CEMENT SALES COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 11-2047-JAR |
| SAIED KASHANI, ULTIMAX CEMENT MANUFACTURING CORPORATION, KA GROUP, L.P., and HASSAN KUNBARGI, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff Heartland Cement Sales Company's Motion for Remand to Kansas State Court (Doc. 4). For the reasons set forth below, plaintiff's motion is granted.

Plaintiff brought the removed action in the District Court of Johnson County, Kansas on January 11, 2011 to obtain a "judicial declaration that Defendant Saied Kashani . . . and his law firm are disqualified from representing [the other Defendants] in a commercial arbitration that they have recently initiated against [Plaintiff] before the American Arbitration Association ('AAA'), venued by contract in Overland Park, Kansas." Plaintiff also seeks injunctive relief to prohibit Kashani and his law firm from representing the other defendants in the arbitration. Plaintiff moved to stay the arbitration proceedings pending disposition of its petition for declaratory and injunctive relief. On January 27, 2011, Kashani filed a Notice of Removal of the state court action to this Court, alleging that the other defendants consented to removal (Doc. 1).

On February 17, 2011, plaintiff moved to remand and to award costs and fees. Specifically, plaintiff argues that there is not a sufficient amount in controversy here to provide for diversity jurisdiction, as the removed action seeks only equitable relief.

Defendants failed to timely file a response to plaintiff's motion for remand and the time to do so has expired.[1] Under D. Kan. R. 7.4,

> Absent a showing of excusable neglect, a party or attorney who fails to file a responsive brief or memorandum within the time specified in D. Kan. Rule 6.1(d) waives the right to later file such brief or memorandum. If a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice.

As a result of defendants' failure to respond, the Court grants plaintiff's motion.

In addition, the Court remands this case for failure to comply with D. Kan. Rule 81.2, which provides:

> Within 21 days after filing the notice of removal, the removing party must file with the clerk of this court a copy of all records and proceedings had in the state court. The court may remand any case sought to be removed to this court for failure to comply with this rule.

Defendants have not filed a copy of the state court record with this Court and have not complied with the Local Rule. Accordingly, the Court remands this case to state court.[2] Defendants did attach a copy of the state court petition to the removal notice filed in this court, but that

---

[1] *See* D. Kan. R. 6.1(d)(2) (requiring a response to dispositive motions, including a motion to remand, be filed within twenty-one days).

[2] *See FastPro Intern., Inc. v. Great Plains Software O.C., Inc.*, No. 01-2082-KHV, 2001 WL 395287, at *1 (D. Kan. Apr. 10, 2001) (remand based solely on non-compliance with D. Kan. Rule 81.2); *Carrothers Const. Co., Inc. v. USA Slide, Inc.*, No. 98-2097-JWL, 1998 WL 295602, at *1 (D. Kan. May 18, 1998) (same).

attachment is not sufficient to satisfy the Local Rule.[3]

Plaintiff seeks to recover its costs and attorneys' fees associated with the removal and the motion to remand. 28 U.S.C. § 1447(c) permits recovery of such costs and fees. "In deciding whether to award costs under § 1447(c), the key factor is the propriety of defendant's removal."[4] The district court has "wide discretion" in this matter.[5] Because plaintiff's motion is uncontested and defendants are not in compliance with the Local Rule, the Court did not address the substantive propriety of the removal. Accordingly, the Court concludes in its discretion that an award of fees is not warranted here.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Remand (Doc. 4) is GRANTED. This case is REMANDED to the District Court of Johnson County, Kansas. Plaintiff's request for attorneys' fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: March 21, 2011

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[3] *Carrothers,* 1998 WL 295602, at *1.

[4] *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 322 (10th Cir. 1997).

[5] *Daleske v. Fairfield Cmtys., Inc.*, 17 F.3d 321, 325 (10th Cir. 1994).